# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL ROGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11CV01718 TIA |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that petitioner is not entitled to relief. As a result, the petition will be dismissed.

### Background

In August 2004, petitioner and two other men broke into a woman's St. Louis City residence. Resp. Exh. E at 2. Petitioner was carrying a rifle and wore a red scarf over his face. Id. During the robbery, petitioner pointed a rifle at the victim while she was forced to perform oral sex on one of the other men. Id. And the men also forced her at gunpoint to perform oral sex on petitioner. Id.

The men then told the victim to take off her clothes and to lie on the bed while one of the men raped her. Id. Around this time, petitioner spoke for the first time,

telling the victim he knew she had money and drugs in the residence.  Id.  The victim immediately recognized petitioner's voice.  Id.

Petitioner and the other men took items from the residence and left before the police arrived.  Id.  After the police arrived at the residence, the victim told them she recognized petitioner's voice and told them who he was.  Id.  The police went to his residence and found him approximately twenty-five feet away from a loaded .22 caliber rifle that had been placed by a pile of tree limbs.  Id. at 2-3.  The victim identified the rifle as the weapon petitioner had pointed at her during the burglary.  Id. at 3.

After his arrest, petitioner told police he did not want to give up his accomplices and that he was "dead" no matter what.  Id.  He also said that he had "messed up the burglary thing."  Id.  Petitioner identified the man who raped the victim by writing the name "Chad Butler" down on a piece of paper and giving it to the police.  Id.  The victim then identified Butler in a photo lineup as the person who raped her.  Id.

A jury convicted petitioner of forcible rape, forcible sodomy, first degree burglary, first degree robbery, and three counts of criminal action.  Id.  Petitioner was sentenced to a combined thirty years' imprisonment.  Resp. Exh. K at 2.

On direct appeal, petitioner argued that (1) the trial court erred when it denied his motion for judgment of acquittal at the close of all of the evidence because the evidence was insufficient to support his conviction and (2) the trial court abused its

discretion in admitting evidence regarding his accomplice because it was irrelevant to the issue of his participation in the crimes.  Resp. Exh. E at 3, 6.  As to his first claim, petitioner contended that the state failed to prove beyond a reasonable doubt that he was a participant in the crimes because the victim identified him by his voice.  Id. at 4.  The Missouri Court of Appeals rejected petitioner's argument, finding no error.  Under Missouri law, recognition by voice is sufficient means to make a positive identification in a criminal matter.  Id. at 5.  And the victim had known petitioner before the attack for some time and had thought his voice distinctive.  Id.  She had previously lived next door to him, and at the time of the attack he lived one block away and in the same building as her mother.  Id.  Petitioner also knew her aunt and would come over to the house that the victim shared with her aunt once or twice per week.  Id.  It was within the province of the jury to decide what weight to give the victim's testimony.  Id.  Finally, other evidence corroborated the finding of guilt, such as petitioner's statements to the police and finding the .22 rifle near him at the time of his arrest.  Id.

As to his second point on appeal, petitioner argued that the trial court abused its discretion in admitting evidence that Butler attempted to flee from the police.  Id. at 6.  A detective testified that Butler fled when he attempted to arrest Butler.  Id.  The appellate court found the evidence to be relevant, and therefore admissible, because it tended to show Butler's consciousness of guilt, and so it corroborated petitioner's

identification of Butler as the person who raped the victim and tended to prove petitioner's participation with Butler in the crimes. Id. at 6-7. Petitioner also argued that the trial court erred in admitting photos of Butler from the lineup. Id. at 7. The appellate court found the photos to be relevant as well. Id.

Petitioner filed a timely Rule 29.15 motion, which was denied after an evidentiary hearing. On appeal, he argued (1) that his trial counsel was ineffective for failing to move to dismiss his case because he had asserted his right to a speedy trial and (2) his aggregate sentence of thirty years was fundamentally unfair and excessive because his co-defendant, Butler, received a sentence of fifteen years. Resp. Exh. K at 3, 11.

As to his first point, petitioner asserted –

that reasonable counsel would have moved to dismiss because [he] had asserted his right to a speedy trial, there was a pretrial delay of two and one half years, the delay was attributable to systemic deficiencies in the docketing system, and counsel was unable to locate three witnesses due to the passage of time. [He] further contend[ed] that the motion court incorrectly required him to prove that actual prejudice resulted from the delay.

Id. at 3. The Missouri Court of Appeals analyzed the speedy trial issue under Barker v. Wingo, 407 U.S. 514 (1972), and found that petitioner had failed to demonstrate a constitutional violation because he had not shown that he was actually prejudiced by any delay. Resp. Exh. K at 7. The court found, accordingly, that petitioner had failed

to show <u>Strickland</u> prejudice as a result, for counsel could not have been ineffective for failing to file a motion to dismiss that would have been denied by the trial court. <u>Id.</u> at 11.

In his second point on appeal, petitioner argued that his sentence of thirty years was unfair and excessive because his co-defendant, who was the principal in the crimes, received a sentence of fifteen years. The court found that the sentence was not "cruel and unusual" because it was not "grossly disproportionate" to the crime committed. <u>Id.</u> at 12. Under Missouri law, "'[a] sentence cannot be considered to be excessive or disproportionate merely because it is greater than that received by a co-defendant.'" <u>Id.</u> at 13 (citing <u>Wright v. State</u>, 738 S.W. 2d 478, 483 (Mo. App. 1987)). Therefore, the court denied petitioner's claims.

Petitioner is currently incarcerated at Southeast Correctional Center in Charleston, Missouri. Ian Wallace is the Warden there.

### Grounds for Relief

1. The trial court erred in denying petitioner's motion for judgment of acquittal at the close of all evidence because there was insufficient evidence for the conviction; specifically, the state failed to prove his guilt beyond a reasonable doubt because the victim only identified him by his voice.

2. The trial court erred in admitting evidence that Butler ran from the police.

3. Trial counsel was ineffective for failing to move for dismissal for violation of the right to a speedy trial.

4. Petitioner's sentence of thirty years was fundamentally unfair and excessive because his co-defendant was sentenced to fifteen years.

## Standard

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves

an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

## Discussion

1.    Ground One

In ground one of the petition, petitioner contends that the trial court erred in denying his motion for judgment of acquittal at the close of all evidence because there was insufficient evidence for the conviction. Specifically, he argues that the state failed to prove his guilt beyond a reasonable doubt because the victim only identified him by his voice.

Respondent replies that this ground should be denied because the state courts did not unreasonably apply federal law or unreasonably determine the facts when they denied this claim.

In reviewing a claim of insufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In applying this standard, the scope of review is extremely limited. The court

must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and the court must defer to that resolution. <u>Whitehead v. Dormire</u>, 340 F.3d 532, 536 (8th Cir. 2003).

The Missouri Court of Appeals applied the correct standard to the facts, resolving any conflicts in favor of the state. The court noted that the victim knew the petitioner before the crime was committed and considered his voice distinctive. The court also considered the other evidence available to the jury, such as the rifle found near petitioner at the time of the arrest and the incriminating statements petitioner made to the police. The appellate court's findings were not contrary to or an unreasonable application of clearly established federal law. As a result, petitioner is not entitled to relief on ground one.

    2.    <u>Ground Two</u>

In ground two of the petition, petitioner argues that the trial court erred in admitting evidence that Butler ran from the police.

Respondent argues that this claim should be dismissed because it is not cognizable in federal habeas proceedings.

Whether evidence was admissible under Missouri's evidence rules does not create a federal constitutional issue that is cognizable under the Court's limited

jurisdiction.  Estelle v. McGuire, 502 U.S. 62, 67 (1991).  Therefore, petitioner is not

entitled to relief on ground two of the petition.

3.    Ground Three

In ground three of the petition, petitioner argues that trial counsel was ineffective

for failing to move for dismissal for violation of the right to a speedy trial.

Respondent replies that the state courts did not unreasonably apply federal law

or unreasonably determine the facts when they denied this claim.

To determine whether a defendant has been deprived of his Sixth Amendment

right to a speedy trial, the United States Supreme Court has directed the lower courts

to consider four factors: the length of the delay, the reason for the delay, the

defendant's assertion of his or her right, and prejudice to the defendant.  Barker v.

Wingo, 407 U.S. 514, 530 (1972).

In Missouri, a delay of greater than eight months is presumptively prejudicial.

See State ex rel. McKee v. Riley, 240 S.W.3d 720, 729 (Mo. banc 2007).

"[P]resumptive prejudice cannot alone carry a Sixth Amendment claim[, however,]

without regard to the other Barker criteria . . . it is part of the mix of relevant facts, and

its importance increases with the length of delay."  Doggett v. United States, 505 U.S.

647, 656 (1992).  The most significant form of prejudice is when the delay impairs the

defense by "dimming memories and the loss of exculpatory evidence."  Id. at 654.  In

the normal circumstance involving negligent delays, a defendant must generally show particularized prejudiced to be entitled to relief. Id. at 657-58. However, as the delay gets longer, the need for particularized prejudice is lessened. Id.

The Missouri Court of Appeals analyzed this issue under the correct analysis, identifying the Barker factors and recognizing that prejudice to defendant is the most important factor. Resp. Exh. K at 7-8. The court noted that "[b]oth parties in th[e] case agree[d] that the reasons for the delay were attributable to the overcrowded court docket and inadequacies of the calendering system then in place. These delays are weighed against the state, although not as heavily as deliberate delays designed to hamper the defense." Id. at 8.

Petitioner's only claim for prejudice before the appellate court was that trial counsel failed to locate and interview two of his witnesses. Id. at 9. The court found, first, that the argument was not preserved for appeal and that it was therefore waived. Id. Second, the court found that the claim had no merit because petitioner did not show how these witnesses would have aided his defense and, therefore, he failed to show prejudice. Id. at 10.

The court then found that if counsel had filed a motion to dismiss based on movant's right to a speedy trial, it would necessarily have been denied because petitioner would not have been able to show prejudice from the delay. Id. at 11. That

is, "the outcome of the trial would not have been different but for trial counsel's alleged failure." Id. Therefore, petitioner failed to show that he was deprived of his Sixth Amendment right to counsel under Strickland. Id.

This Court does not find fault with the Missouri Court of Appeals' application of federal law to the facts of the case. The court applied the correct standard and reasonably interpreted the facts. Moreover, to prevail on an ineffective assistance of counsel claim in a § 2254 habeas case, petitioner "must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [state appellate court] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 698-99 (2002); Underdahl v. Carlson, 381 F.3d at 742 (8th Cir. 2004) (internal citation omitted). Petitioner has failed to make such a showing, and he is not entitled to relief on ground three of the petition.

4.    Ground Four

In ground four of the petition, petitioner argues that his sentence of thirty years was fundamentally unfair and excessive because his co-defendant was sentenced to fifteen years.

Respondent argues that petitioner's argument is not based in federal law and should be denied.

In his postconviction relief motion, petitioner claimed that his thirty-year sentence was fundamentally unfair because Butler received a fifteen-year sentence for the same crimes. Resp. Exh. K at 12. The motion court found the claim to be without merit because petitioner's sentence "was within the statutory ranges of punishment for the offenses charged and was not 'grossly disproportionate' to his offense. The motion court also pointed out that it sentenced [petitioner] on the record and information before it and that the accomplice pleaded guilty before and was sentenced by a different judge." Id.

Under clearly established federal law, "[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Ewing v. California, 538 U.S. 11, 23 (2003) (citation and quotation omitted). The Missouri Court of Appeals applied this standard when it analyzed this issue. It found that the sentence was not grossly disproportionate to the crime because he held a gun to her head while she was forced to perform oral sex on Butler. Resp. Exh. K at 13. The court found that a thirty-year sentence was not grossly disproportionate in light of these facts. Id.

Giving the decision of the Missouri Court of Appeals the proper deference, this Court finds its decision to be a reasonable application of federal law to the facts. As a result, petitioner is not entitled to relief on ground four of the petition.

## Conclusion

For these reasons, petitioner is not entitled to federal habeas relief. Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this __31st___ day of May, 2013.


_____/s/ Terry I. Adelman_____

UNITED STATES MAGISTRATE JUDGE